Susquehanna County, by the Susquehanna County Board of Commissioners, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Lyncott Corporation, Intervenor.

Argued December 15, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, ROGERS, WILLIAMS, JR. and CRAIG.

*Gerald C. Grimaud,* for petitioners.

*Louis A. Naugle,* Assistant Counsel, for respondent.

*Robert J. Shostak,* with him *Pamela S. Goodwin, Shostak & Rosen, P.C.,* for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 13, 1982:

The Susquehanna County Board of Commissioners, on behalf of that County (County), in this petition for review appeals an Environmental Hearing Board (EHB) dismissal of several County appeals from Department of Environmental Resources (DER) orders.[1] Lyncott Corporation (Lyncott) intervenes. We affirm.

---

[1] The County appeals from EHB orders, dated December 19, 1980 and May 15, 1981, dismissing a total of eight (8) appeals.

68

Lyncott operates a sanitary landfill operation, located in the County, under water quality and solid waste management permits issued by DER. DER from time to time amends these outstanding permits by granting supplemental waste and stream approvals. Although the County initially was allowed to challenge each amendment, EHB dismissed all appeals, for lack of standing, subsequent to our decision in *Strasburg Associates v. Newlin Township,* 52 Pa. Commonwealth Ct. 514, 415 A.2d 1014 (1980).[2]

The standing issue was argued recently before this Court by the same parties, *see Susquehanna County v. Department of Environmental Resources,* 58 Pa. Commonwealth Ct. 381, 427 A.2d 1266 (1981), and we hold this to be controlling. *See also Franklin Township v. Department of Environmental Resources,* 62 Pa. Commonwealth Ct. 205, 435 A.2d 675 (1981). In *Susquehanna County,* we denied standing, reasoning that the County stood in no different position than did Newlin Township in *Strasburg, i.e.,* that the County had failed to demonstrate that DER's action either adversely affected its purpose in carrying out its local governmental functions or acted to affect the rights of the individual property owners against the DER in which the County would act as trustee. *Susquehanna County* at 386, 427 A.2d at 1268. The County in this case proffers a novel standing argument, based on the Pennsylvania Real Estate Tax Sale Law,[3] that it has a sub-

---

[2] In *Strasburg,* we reversed the EHB and held that Newlin Township had no standing to challenge a DER issuance of a sanitary landfill permit to a facility located within the Township. We concluded that the Township had failed to demonstrate that it was an aggrieved party with a substantial, immediate and direct interest in the subject matter or particular question litigated.

[3] The County's thesis is as follows: Under the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101, the County is required to fund, control and supervise a

stantial, immediate and direct pecuniary interest in the regulation of solid waste landfills within its boundaries. This thesis, however, is too speculative,[4] and the County cannot rely on this to fulfill the standing requirements delineated in *William Penn Parking Garage, Inc. v. Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

Since the County has failed to demonstrate that it is an aggrieved party with a substantial, immediate and direct interest in the matter at hand, we must sustain the EHB orders.

We have examined and find meritless the County's other contentions.

Affirmed.

## ORDER

The Environmental Hearing Board final orders, dated December 19, 1980 and May 15, 1981, granting Lyncott Corporation's motions to dismiss Susquehanna County's appeals, are affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

Tax Claim Bureau. The Bureau, as the apparent agent of the County, is the trustee of any property being sold for taxes until the land is conveyed, and the County is liable for all costs associated with the land until sale. The County argues that, in the event of illegal or improper construction or operation of a landfill facility, land contamination is likely to render the property worthless and subject to tax sale. The polluted condition of the land, however, would make the property unmarketable and the County, therefore, would be liable for all costs *ad infinitum.*

[4] The County's argument is based on several assumptions:

*First,* that there are environmental violations;

*second,* that DER refuses to address the infractions;

*third,* that Lyncott fails to take corrective measures;

*fourth,* that the site is ultimately abandoned;

*fifth,* that the property is permanently and irreparably contaminated; and

*sixth,* that the property cannot be sold.