Francis Baehr, Appellant *v.* Commonwealth of Pennsylvania ex rel. Lower Merion Township, Appellee.

Argued April 10, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*James J. Regan, Jr.,* for appellant.

*Mary MacNeil Killinger,* with her *Ronald T. Williamson,* Assistant Attorneys General, *Paul W. Tressler,* First Assistant District Attorney, and *Joseph A. Smyth, Jr.,* District Attorney, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 8, 1980:

This is an appeal from the judgment of conviction and order of the Court of Common Pleas of Montgomery County, Criminal Division entered April 25, 1979 finding appellant guilty on three citations charging violations of Section 702 of the Dog Law of 1965 (Dog Law), Act of December 22, 1965, P.L. 1124, *as amended,* 3 P.S. §460-702, and on one citation charging a violation of Lower Merion Township's (township) dog ordinance. We affirm.

The facts for purposes of this appeal are not disputed. Appellant is the owner of two dogs, one a St. Bernard and the other a German Shepherd, whose unattended wanderings underlie the instant appeal. Between September 15, 1977 and February 12, 1978, appellant's dogs were observed and cited for running at large by township police on six occasions. During none of the six incidents was appellant at home. Following summary convictions on all six citations before the district justice, appellant appealed to the common pleas court which found him guilty on four of the citations.[1]

Appellant denies the township's authority to enact the ordinance under which one of the citations was issued because of the allegedly pre-emptive effect of the state's Dog Law. Authority for the township ordinance in question is initially derived from part (a) of Article XVI of The First Class Township Code, Act of June 24, 1931, P.L. 1206, 53 P.S. §§56601-56614 which provides for the creation of boards of health invested with substantial authority to prescribe rules and regulations necessary for the preservation of the public health. There is no question that a local ordinance which seeks to insure all dogs are safely secured or accompanied when not so confined is a valid health and safety regulation provided the state legislature has not occupied the field of such regulation to the exclusion of municipalities.

An examination of the Dog Law and its manifest purpose leads us to conclude the township's ordinance is a perfectly valid and appropriate exercise of the municipality's police power. The language of the Dog Law evidences no legislative intention to preclude local regulation of dogs running at large. As Justice, later Chief Justice, STERN wrote:

---

[1] Charges on two of the citations were dismissed because of the unavailability of the issuing police officer.

[T]here is a third class of statutes which, regulating some industry or occupation, are silent as to whether municipalities are or are not permitted to enact supplementary legislation or to impinge in any manner upon the field entered upon by the State; in such cases the question whether municipal action is permissible must be determined by an analysis of the provisions of the act itself in order to ascertain the probable intention of the legislature in that regard.

*Western Pennsylvania Restaurant Association v. Pittsburgh,* 366 Pa. 374, 380-81, 77 A.2d 616, 619-20 (1951).

The field of regulation at issue not only permits variation in local provisions but, we think, encourages regulation adapted to local conditions. Although addressing the regulation of an entirely different subject in *Department of Licenses and Inspections v. Weber,* 394 Pa. 466, 147 A.2d 326 (1959), Justice MUSMANNO isolated an aspect of that regulation that is equally pertinent in the present situation. "It would not be unnatural to assume that regulations could be stricter and more rigid in large cities . . . as against a village or small rural center. . . ." *Id.* at 471-72, 147 A.2d at 329.

Appellant's next argument concerns the lack of evidence of scienter on his part. "Whether criminal intent or guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction, to be determined from the language of the statute in the light of its manifest purpose and design." *Commonwealth v. Morakis,* 208 Pa. Superior Ct. 180, 184, 220 A.2d 900, 903 (1966).

An examination of the Dog Law makes it clear that scienter is not a necessary element of a violation. Section 702 of the Dog Law provides:

*It shall be unlawful* for the owner or keeper of any dog *to fail to keep at all times* such dog either (1) confined within the premises of the owner, or (2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured, or (3) under the reasonable control of some person, or when engaged in lawful hunting or field training accompanied by an owner or handler. (Emphasis added.)

Section 702 unmistakably speaks in terms of strict liability for its violation, and a moment's reflection on the purpose of the statute buttresses our conclusion. "The reasons for sustaining legislation which makes certain acts crimes and punishable as such without regard to defendant's motive, intent, reasonableness or good faith, are . . . (1) To require a degree of diligence for the protection of the public and (2) Convenience of enforcement." *Commonwealth v. Fine,* 166 Pa. Superior Ct. 109, 113-14, 70 A.2d 677, 679 (1950). The difficulty of establishing culpability in such cases would surely frustrate the purpose of Section 702.

We are in agreement with the common pleas court that the question of whether scienter is an element of a violation of the township ordinance need not be examined since the facts as developed at trial, and in particular the admissions of appellant, reveal he was fully aware of each of the citations issued by township police. The first citation was written on September 15, 1977, and the citation based on the township ordinance was written five months later on February 12, 1978. In the intervening months the remaining four citations were issued; guilty knowledge of his dog's proclivities could hardly be more obvious.

Appellant also challenges the sufficiency of the underlying citations asserting they are not stated with

the requisite degree of specificity. Chapter 50 of the Pennsylvania Rules of Criminal Procedure governs procedure in summary cases.

    1. Every citation shall be substantially in the form set forth in Rule 53(a) or 53(b) and shall contain:

    . . . .

    (e) a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged. . . .

Pa. R. Crim. P. 52(1)(e).

The proper form for a citation for a summary offense or violation of an ordinance not involving a vehicle is described in Pa. R. Crim. P. No. 53(b). We have examined each of the underlying citations and find them to be in full compliance with the procedural rules.[2]

Appellant's final argument concerns the propriety of the fines imposed by the common pleas court.[3] It is argued the fines are grossly excessive and constitute a confiscation of property in violation of Article I, Section 9 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution. We find no merit in appellant's contentions. The fines imposed were well within the ranges prescribed by the Dog Law and the township ordinance.

---

[2] Appellant's citation to Rule 104(6), renumbered Rule 132 in 1973, governs the content of complaints in court cases and is therefore inapplicable although we note probable compliance with Rule 132 as well.

[3] The court imposed the following fines:

| | |
|---|---|
| 9/15/17 | $10 plus costs |
| 1/26/78 | $25 plus costs |
| 2/11/78 | $50 plus costs |
| 2/12/78 | $75 plus costs |

Accordingly, we will enter the following

ORDER

AND Now, May 8, 1980, the judgment of conviction and order of the Court of Common Pleas of Montgomery County, Criminal Division, entered April 25, 1979 at No. 1134-78 is hereby affirmed.