**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David GLUMAC, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1998.

Filed Aug. 28, 1998.

·R. Russell Lucas, Jr., Pittsburgh, for appellant.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before DEL SOLE, TAMILIA and EAKIN, JJ.

DEL SOLE, Judge:

Appellant David Glumac brings this direct appeal from his summary criminal conviction for confinement of dogs, 3 P.S. § 459–305. Appellant received a citation for violating 3 P.S. § 459–305, was found guilty by a district justice and immediately instituted a statutory appeal for a trial *de novo* before the Court of Common Pleas of Allegheny County. Appellant was convicted and received a fine of $100.00 plus costs. This appeal followed. We affirm.

The following facts led to the citation. On February 15, 1997, Cindy Falk was driving her van to her mother's home. While traveling on the private road, which leads to the mother's house, Ms. Falk's van got stuck on ice. Ms. Falk exited her vehicle and began to walk to her mother's home. The private road is situated on a right-of-way that crosses Appellant's property. As Ms. Falk was walking, Appellant's dog left Appellant's home and ran towards Ms. Falk. Ms. Falk yelled to the dog to get back and she kept walking. The dog jumped on her, tore her coat, and, eventually, Ms. Falk fell to the ground. The dog retreated when Ms. Falk's father approached in his truck.

Appellant presents the following issues for our consideration: (1) whether a dog found on the right-of-way running through the owner's property is considered to be within its owner's premises; and (2) whether there was sufficient evidence to support Appellant's conviction.

First, Appellant claims that his dog was not outside of his premises. He bases this argument on the fact that the incident, which led to the citation and conviction, occurred on the private driveway that accesses five separate homes and runs on an easement over Appellant's property. Appellant asserts that the driveway is his property and should be considered his premises. We disagree with this claim.

The section under which Appellant's conviction is based provides as follows:

**Confinement of dogs.**

It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either:

(1) confined within the premises of the owner;

(2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured; or

(3) under the reasonable control of some person, or when engaged in lawful hunting, exhibition or field training.

3 P.S. § 459–305.

The Dog Law, 3 P.S. § 459–101–459–1205, does not define the term "premises" in either the definition section, 3 P.S. § 459–102, or in the confinement of dogs section, 3 P.S. § 459–305. Consequently, a statutory con-

struction analysis of the meaning of the term is necessary.

 When we interpret a statute, we do so with the goal in mind of ascertaining and giving effect to the intent of the General Assembly underlying the enactment of the statute. 1 Pa.C.S.A. § 1921(a). In ascertaining the legislative intent of a particular statute, it is presumed that the legislature did not intend a result that is absurd or unreasonable. Moreover, it is presumed that the legislature intends to favor the public interest as opposed to any private interest. *Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 664 A.2d 84 (1995). With these basic tenets in mind, we turn our attention to the Dog Law.

 The title of 3 P.S. § 459–305 concisely explains that the principle purpose of the section is the "confinement of dogs." In enacting this section of the Dog Law, the legislature intended to require dog owners to prevent their dogs from running at large. *See Miller v. Hurst*, 302 Pa.Super. 235, 448 A.2d 614 (1982). The protection of the public's health and safety are attained when dogs are safely secured or accompanied when not so confined. *See Baehr v. Commonwealth ex rel. Lower Merion Township*, 51 Pa.Cmwlth. 241, 414 A.2d 415 (1980). In contradiction to Appellant's theory, we interpret the term "premises of the owner," to which a dog must be confined under 3 P.S. § 459–305(1), to be that portion of the owner's property which is within the owner's control, i.e. not open to the public. Consequently, any portion of an owner's property which is open to the public, in this case a right of way, is not within the owner's control and therefore not the owner's premises under the meaning of this section.

 While Appellant still owns the land upon which the roadway lies, he has no control regarding who passes over the land to access the five homes served by the right of way. Here, to allow Appellant's dog to roam the roadway, which accesses five homes and *may be* traveled by an unsuspecting member

of the public, would not allow the purpose of the Legislature to be met.[1]

 Next, Appellant contends that there was insufficient evidence to support his conviction. However, a review of the record belies that argument. In fact, Appellant admits that the dog was on the right of way. Under our analysis of the previous issue, this constitutes a violation of the Dog Law. Therefore, this issue also fails.

Judgment of sentence affirmed.

---

1. We will refrain from discussing the fact that Appellant's allowing the dog to roam freely upon the roadway may interfere with the use of the right-of-way.