# County of Berks v. Allied Waste Industries Inc.

C.P. of Berks County, no. 03-14974.

*Charles E. Gutshall, Kenneth L. Joel* and *Stephanie E. Divittore,* for plaintiff.

*Alan K. Cotler, Joan A. Yue* and *Peggy B. Greenfeld,* for defendants.

LASH, *J.,* April 30, 2004—This matter comes to the court on defendants' preliminary objections to plaintiff's complaint. For reasons set forth herein, we sustain the preliminary objections, dismissing Counts I, II and IV of plaintiff's complaint and requiring plaintiff to amend Count III of the complaint to conform to the Pennsylvania Rules of Civil Procedure.

Plaintiff, County of Berks, filed its complaint on December 9, 2003, alleging that defendants, Allied Waste Industries Inc., Browning-Ferris Inc., and New Morgan Landfill Company Inc., are in violation of the Solid Waste Management Act of 1980 (SWMA)[1] (Count I), violation

---

1. 35 P.S. §6018.101 et seq.

of the Municipal Waste Planning, Recycling and Waste Reduction Act of 1988 (Act 101)[2] (Count IV), creating a public nuisance (Count III), and causing a diminution of property values (Count II). Plaintiff alleges that these claims arise as a result of the improper operation by defendants[3] of the Conestoga Landfill, a municipal waste landfill located in New Morgan Borough, Berks County, Pennsylvania. Specifically, the complaint alleges that the operations of the landfill are creating off-site odors which cause or contribute to public nuisances. Plaintiff claims in its complaint that the landfill has received 17 notices of violation (NOV) from the Department of Environmental Protection.[4] Several complaints were also received from private residents. As a result of the off-site migration of said odors and associated air borne contaminants, numerous Berks County residents, particularly those residing within a two-mile radius of the landfill, have been deprived of the quiet enjoyment of their property.

Plaintiff believes as the host county for the landfill, it has a right to bring an action on behalf of its citizens to restrain the public nuisance, as well as to enjoin violations of the SWMA and Act 101 and to prevent diminution of property value. Plaintiff seeks relief in the form of an injunction, enjoining defendants from operating

---

2. 53 P.S. §4000.101 et seq.

3. According to plaintiff's complaint, defendant New Morgan Landfill Company Inc. is a permit holder for the Conestoga Landfill. Defendant New Morgan Landfill Company Inc. is a subsidiary of defendant Browning-Ferris Industries Inc., which is a subsidiary of defendant Allied Waste Industries Inc.

4. Plaintiff also alleges in its brief opposing defendants' preliminary objections that the DEP sent an additional NOV to the landfill subsequent to the filing of the complaint.

the landfill until such time as it is demonstrated that no public nuisances will be created or will continue to be created.

Defendants filed the within preliminary objections, alleging that each count in the complaint, and the complaint in its entirety, is fatally defective and must be dismissed with prejudice. Argument was held on the preliminary objections on April 19, 2004.

Preliminary objections should be sustained only in cases that are "clear and free from doubt." *Ellenbogen v. PNC Bank N.A.,* 731 A.2d 175, 181 (Pa. Super. 1999). In considering the within preliminary objections, this court must admit as true all material facts as set forth in the complaint, as well as all inferences deducible therefrom. *McMahon v. Shea,* 547 Pa. 124, 129, 688 A.2d 1178, 1181 (1997). The question then becomes "whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Id.,* citing *Mahoney v. Furches,* 503 Pa. 60, 66, 468 A.2d 458, 461-62 (1983).

The first objection we must consider is whether this court can hear the case because plaintiff failed to join DEP as an indispensable party. See *Centolanza v. Lehigh Valley Dairies Inc.,* 540 Pa. 398, 658 A.2d 336 (1995), citing *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988), for the proposition that absence of an indispensable party goes to a court's jurisdiction and prevents it from granting relief.

Defendants argue that DEP is an indispensable party and that plaintiff's failure to name DEP is fatal to the complaint. In support of their position, defendants cite the case of *CRY Inc. v. Mill Service Inc.,* 536 Pa. 462,

640 A.2d 372 (1994). In *CRY,* a case involving a citizen's group filing a claim against an alleged polluter, the issue was whether DER[5] should have been joined, our Supreme Court restated the appropriate analysis for determining whether a party is indispensable:[6]

"(1) Do absent parties have a right or interest related to the claim?

"(2) If so, what is the nature of that right or interest?

"(3) Is that right or interest essential to the merits of the issue?

"(4) Can justice be afforded without violating the due process rights of absent parties?" *Id.* at 468-69, 640 A.2d at 375.

The Supreme Court found that all four considerations were present. First,

"DER is the agency of government responsible for regulating harmful pollution of the kind alleged in this lawsuit. Second, . . . . DER's regulatory activity and authority may be affected by an adjudication of [the] lawsuit. Third, . . . [b]ecause DER's regulatory activity may be affected by any order entered in this case, and because compliance with that order may require the cooperation of DER, its interest is essential. Finally . . . [i]f DER were not party to this suit, it may withhold permits necessary to carry out remedies which may be ordered or it may seek to commence a multiplicity of actions in which the same or related matters are at issue." *Id.* at 469-70, 640 A.2d at 376.

---

5. Department of Environmental Resources. See n.17.

6. The court cited *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981).

Plaintiff argues that the *CRY* case is distinguishable on the facts, and that *Centolanza, supra,* controls. The *Centolanza* case involved landowners who brought an action against the current and former owners of adjacent land to recover for contamination of their land by waste water and fuel oil. The Supreme Court recognized *CRY* and utilized the *Mechanicsburg* analysis in the same manner.

In ruling that DER was not an indispensable party, the court distinguished *Centolanza* on the facts. First, the plaintiffs did not allege that DER failed to perform its function, including halting, ceasing or abating the alleged nuisance. In *CRY,* the plaintiff alleged in its complaint that DER engaged in misfeasance and malfeasance. Secondly, the plaintiffs did not request any type of relief directly involving the Commonwealth. In *CRY,* plaintiff made two demands for relief, which required action by DER. Finally, in *CRY,* DER's cooperation was unlikely because DER insisted that a court was powerless to order certain relief, which was not the case in *Centolanza.*

Plaintiff, in this case, like the plaintiff in the *Centolanza* case, did not claim in its complaint that DEP acted improperly in any manner, nor did it seek relief or any action from DEP. This court agrees with plaintiff that DEP is not an indispensable party. This matter can proceed without impairing any rights or interest of DEP. The preliminary objection raising the issue of indispensable party is hereby overruled.

We next review defendants' objection to Count I, alleging that plaintiff has no authority to bring an action under SWMA.

The SWMA was enacted after the General Assembly determined that "improper and inadequate solid waste

practices created public health hazards, environmental pollution, and economic loss, and cause[d] irreparable harm to the public health, safety and welfare" of Pennsylvania. 35 P.S. §6018.102. The stated purpose of the Act is, among other things, to encourage the development of resource recovery as a means of managing solid waste,[7] require permits for the operation of municipal waste landfills,[8] and to protect the public health, safety and welfare from the short and long-term dangers of transportation, processing, treatment, storage and disposal of all wastes.[9] In this regard, it furthers the right of the people to clean air, pure water and to the preservation of the natural scenic, historic and aesthetic values of the environment, as required by Article I, section 27, of the Pennsylvania Constitution.[10]

In effectuating these purposes, the SWMA empowers the DEP, in consultation with the Department of Health, to, among other things, administer the solid waste management program,[11] cooperate with appropriate federal, state, interstate and local units of government and with appropriate private organizations in carrying out its duties under SWMA,[12] regulate the storage, collection, transportation, processing, treatment and disposal of solid waste,[13] and issue permits, licenses and orders and specify the terms and conditions thereof, and conduct inspections and abate public nuisances to implement the pur-

---

7. 35 P.S. §6018.102(2).
8. 35 P.S. §6018.102(3).
9. 35 P.S. §6018.102(4).
10. See 35 P.S. §6018.102(10).
11. 35 P.S. §6018.104(1).
12. 35 P.S. §6018.104(2).
13. 35 P.S. §6018.104(6).

poses and provisions of the Act and the rules, regulations and standards adopted pursuant to the Act.[14]

Plaintiff correctly notes in its brief that a violation of any provision of SWMA or any rule or regulation of DEP, any order of DEP, or any term or condition of any permit, shall constitute a public nuisance.[15] Plaintiff reasons that the NOVs issued by the DEP, the complaints by private landowners, and the presence of the odor itself, are violations of the SWMA. Therefore, the landfill is a public nuisance and plaintiff has actionable claims.

Plaintiff claims authority to bring the action under section 604 of SWMA.[16] That section provides, in pertinent part:

"(a) In addition to any other remedies provided in this act, the department[17] may institute a suit in equity in the name of the Commonwealth where a violation of law or nuisance exists for an injunction to restrain a violation of this act or the rules, regulations, standards or orders adopted or issued thereunder and to restrain the maintenance or threat of a public nuisance. In any such proceeding, the court shall, upon motion of the Commonwealth, issue a prohibitory or mandatory preliminary injunction if it finds that the defendant is engaging in unlawful conduct as defined by this Act or is engaged in conduct which is causing immediate and irreparable harm to the public. In addition to an injunction, the court in

---

14. 35 P.S. §6018.104(7).

15. 35 P.S. §6018.601.

16. 35 P.S. §6018.604.

17. Department is defined in 35 P.S. §6018.103 as the "Department of Environmental Resources of the Commonwealth of Pennsylvania and its authorized representatives," now DEP.

such equity proceedings, may levy civil penalties as specified in section 605.

"(b) In addition to any other remedies provided for in this Act, upon relation of any district attorney of any county affected, or upon relation of the solicitor of any municipality affected, an action in equity may be brought in a court of competent jurisdiction for an injunction to restrain any and all violations of this Act or the rules and regulations promulgated hereunder, or to restrain any public nuisance or detriment to health.

"(c) The penalties and remedies prescribed by this Act shall be deemed concurrent and the existence of or exercise of any remedy shall not prevent the department from exercising any other remedy hereunder, at law or in equity."

Contrary to plaintiff's assertion, section 604 does not authorize the county to bring an action in its own name. Section 604(a) authorizes DEP to institute a suit in the name of the Commonwealth where a violation of law or nuisance exists. Subsection (b) permits a county district attorney or a solicitor of a municipality, as a relator, to bring an action on behalf of the Commonwealth. No other entities are authorized to bring suit under this section.

Thus, the plaintiff's argument fails for two reasons. First, the plaintiff brought the action in its own name, not in the name of the Commonwealth. The Commonwealth is the real party in interest, pursuant to its delegated power under Article I, Section 27, of the Pennsylvania Constitution which states: "As trustee of the [environmental] resources, the Commonwealth shall conserve and maintain them for the benefit of all the people." Secondly, neither the district attorney of Berks County, nor the solicitor of Berks County, has any known involve-

ment in this action. It is they, and only they, who are authorized officials under section 604(b), permitted, on information possessed by them, to pursue an action on behalf of the Commonwealth.

There is no other provision cited by plaintiff, or existing in SWMA, which would authorize the plaintiff to bring a claim under SWMA. Plaintiff is without standing to bring the claim. Count I is therefore dismissed.

For the same reasons, Count IV of the complaint must also be dismissed. This count alleges a violation of Act 101.

Similar to its reasoning for enacting SWMA, the General Assembly determined, declared and found that improper municipal waste practices create public health hazards, environmental pollution, and economic loss and cause irreparable harm to the public health, safety and welfare,[18] that all aspects of solid waste management, particularly the disposition of solid waste, pose a critical threat to the health, safety and welfare of the citizens of this Commonwealth[19] and that uncontrolled increases in the daily volumes of solid waste received at municipal waste landfills have significantly decreased their remaining lifetimes, disrupting the municipal waste planning process and the ability of municipalities relying on the landfills to continue using them. These increases have threatened to significantly and adversely affect public health and safety when municipalities find they can no longer use the facilities. Uncontrolled increases in daily waste volumes can also cause increased noise, odors,

18. 53 §4000.102(a)(1).
19. 53 §4000.102(a)(20).

truck traffic and other significant adverse effects upon the environment, as well as on public health and safety.[20]

Having made these findings, the General Assembly enacted Act 101, setting forth specific purposes, including the protection of the public health, safety and welfare of the citizens of Pennsylvania[21] and to establish and maintain a cooperative state and local program of planning and technical and financial assistance for comprehensive municipal waste management.[22]

As was true with SWMA, any unlawful conduct under Act 101, specifically section 1703(a),[23] shall constitute a public nuisance. The plaintiff, using the same logic as in Count I, claims authority to bring suit under section 4000.1703 of Act 101. That section mirrors section 604 of SWMA, providing that suit may only be brought by the DEP, or by the county district attorney, or county solicitor, as relators on behalf of the Commonwealth. Accordingly, Count IV is dismissed.

Count II, entitled "Diminution of property values," does not state a cause of action. As correctly noted by defendants, diminution of property value, in an appropriate case, is a measure of damages. The Supreme Court noted same, in dicta, in *Centolanza, supra* at 401, 658 A.2d at 338.

This conclusion is clear from a fair reading of the averments in Count II. These allegations reiterate violations of SWMA and the presence of a public nuisance from the operation of the Conestoga Landfill. Paragraphs 41

20. 53 §4000.102(a)(21).
21. 53 §4000.102(b)(3).
22. 53 P.S. §4000.102(b)(1).
23. 53 P.S. §4000.1703(a).

and 42 of the complaint go on to say: "As a result of the off-site migration of mild odors and associated air borne contaminants, numerous Berks County residents have been deprived of the quiet enjoyment of their property. Accordingly, the value of properties surrounding the Conestoga Landfill has dramatically decreased for a period of years and continues to be decreased." Thus, the complaint relies upon averments of Count I and Count III to support a cause of action. Count II, standing alone, is insufficient and must be dismissed.

We turn then to Count III, which concerns plaintiff's common-law claim for public nuisance.

Defendants argue that plaintiff is barred from proceeding against defendants due to the decision of DEP to proceed administratively through the disposition of the issued NOVs. Defendants raise three theories, namely, election of remedies, failure to exhaust administrative remedies and the doctrine of primary jurisdiction.

We note initially that both the SWMA in section 607[24] and Act 101 at section 1706[25] provide as follows: No provision in the Act, "or any act done by virtue of this Act, shall be construed as estopping the Commonwealth or [municipalities][26] in the exercise of their rights under the common law or decisional law or in equity, from proceeding in courts of law or equity to suppress nuisances, or to abate any pollution now or hereafter existing, or to enforce common-law or statutory rights."

---

24. 35 P.S. §6018.607.
25. 53 P.S. §4000.1706.
26. The language in SWMA specifically includes municipalities. The language in Act 101 uses the term "persons," but persons is defined in section 103 of Act 101 to include municipalities.

These sections further provide that the purpose of the Act is to provide "additional and cumulative remedies," with nothing contained in either Act to be construed to in any way abridge or alter the rights or actions or remedies now or hereinafter existing in equity or under the common law or statutory law, criminal or civil.

Thus, the remedies afforded under the respective Acts are not exclusive. A municipality, such as plaintiff, may avail itself of additional and cumulative remedies to, inter alia, suppress nuisances, abate pollution or enforce rights.

Regarding the election of remedies argument, defendants rely upon the case of *Department of Environmental Resources v. Leechburg Mining Company,* 9 Pa. Commw. 297, 305 A.2d 764 (1973). In *Leechburg,* the Department of Environmental Resources issued an order against Leechburg Mining Company requiring certain steps to bring its operation in compliance with, inter alia, the SWMA. *Leechburg* appealed to the Environmental Hearing Board and by agreement, a partial consent adjudication was entered. No appeal was taken from the adjudication. Subsequently, the department filed a complaint in equity against *Leechburg* raising the same issues. The Commonwealth Court set forth that although the DEP had a choice of remedies to act to enforce particular violations, that was not a grant of permission to institute or process multiple proceedings. Once a remedy is elected and pursued, the department was precluded from also pursuing the other remedy.

The holding in *Leechburg* does not apply because plaintiff did not pursue an administrative remedy before filing the within action. It was DEP who issued the NOVs and obtained the consent order. DEP's decision to pro-

ceed did not and could not, under 607 of SWMA and 1706 of Act 101, affect or abridge the ability of plaintiff to pursue an action against the same defendants. Plaintiff is not bound here by the actions of DEP.

Defendants argue that plaintiff should exhaust its administrative remedy by filing an appeal to the Environmental Hearing Board from the administrative order of DEP, conceding that plaintiff has standing to do so. See *Franklin Township v. Commonwealth, Department of Environmental Resources,* 500 Pa. 1, 452 A.2d 718 (1982); *Susquehanna County v. Commonwealth, Department of Environmental Resources,* 500 Pa. 512, 458 A.2d 929 (1983); and *Borough of Glendon v. Department of Environmental Resources,* 145 Pa. Commw. 238, 603 A.2d 226 (1992). However, an appeal would only address the matters framed by DEP in its NOVs. Plaintiff alleges one additional NOV and complaints by private citizens. The scope of the public nuisance, which plaintiff intends to prove, may well exceed what is cited in the NOVs. Even if the factual basis for plaintiff's claim is limited to establishing the violations alleged in the NOVs, the provisions of SWMA and Act 101 specifically do not restrict plaintiff from pursuing its own choice of remedy, even if that remedy is cumulative. Under 607 of SWMA and 1706 of Act 101, this court has jurisdiction to entertain the action filed by plaintiff. Plaintiff is not limited to simply joining in the administrative proceeding.

We find further that currently there is no administrative proceeding from which plaintiff can seek redress. The matter between DEP and the landfill has been resolved, at least for the time being, through the entry of a consent order and agreement dated December 10, 2003. That consent order sets forth, among other things, that

the consent order is a final order of DEP and that defendant, New Morgan Landfill Company Inc., knowingly waived its rights to appeal the consent order and agreement and to challenge its content or validity. Additionally, the time has passed for anyone, including plaintiff as intervenor, to perfect an appeal to the Environmental Hearing Board.

Without further action being taken by DEP, either for enforcement of its consent order, or in the event of new violations, the administrative proceeding has ended. "Where a party voluntarily enters into a consent order, it is as if DEP issued an order from which no appeal was filed. . . . The only legal action left to be taken with respect to that order is enforcement." *Commonwealth, Department of Environmental Resources v. Landmark International Ltd.,* 131 Pa. Commw. 333, 337, 570 A.2d 140, 142 (1990). (citation omitted)

Defendants also argue that the within matter should be deferred pending a decision from the Environmental Hearing Board, under the doctrine of primary jurisdiction. The Commonwealth Court in *Beltrami Enterprises Inc. v. Commonwealth, Department of Environmental Resources,* 159 Pa. Commw. 72, 632 A.2d 989 (1993), explains the doctrine, stating:

"The Doctrine of Primary Jurisdiction allows a court to defer judicial action until an administrative agency has passed upon such aspects of a proceeding as may lie with the agency's competence and expertise. *Jackson v. Centennial School District,* 509 Pa. 101, 501 A.2d 218 (1985). The purpose of the doctrine is to create 'a workable relationship between the courts and administrative agencies wherein, in appropriate circumstances, the courts can have the benefit of the agency's views on is-

sues within the agency's competence.' *Elkin v. Bell Telephone Co. of Pennsylvania,* 491 Pa. 123, 131-32, 420 A.2d 371, 376 (1980). In Pennsylvania, as in other jurisdictions, this reconciliation between the administrative agencies and the judiciary is accomplished by staying the judicial action until the agency has passed on those issues that are within its competence and are collateral to issues before the court. *E.L.G. Enterprises Corp. v. Gulf Oil Co.,* 291 Pa. Super. 414, 435 A.2d 1295 (1981)." *Id.* at 77, 632 A.2d at 991.

Under this doctrine, this court would not be deprived of jurisdiction to hear the matters raised in Count III, but would defer the matter temporarily to the administrative proceeding. Once the administrative tribunal has resolved the issues before it, then the within action could continue, with guidance in scope and direction from the nature and outcome of the agency determination. *Elkin v. Bell Telephone Co. of Pennsylvania,* 491 Pa. 123, 133-34, 420 A.2d 371, 377 (1980).

Defendants point out that SWMA and Act 101 provide DEP with the authority to enjoin public nuisances and bring suit against the offending landfill, sufficient to obtain the very relief sought by plaintiff in the within action. The DEP ostensibly has special experience and expertise in this area, as well as greater tools through the statutory enactments, including the power to execute search warrants and the power to prosecute offenses. Finally, any remedies sought by the county over and above what DEP could accomplish, could be litigated through the court after disposition of the administrative proceeding.

However, for the reasons already set forth, this matter should not be deferred to DEP or to the Environmental

Hearing Board simply because there is no proceeding before either at this time. In essence, defendants are asking to reopen an administrative matter that they have agreed to close through the entry of a consent order. Accordingly, we rule that this matter shall not be handled administratively either under election of remedies, exhaustion of administrative remedies or primary jurisdiction, and that plaintiff can proceed with Count III.

Defendants also raise the sufficiency of the allegations in Count III. Specifically, defendants claim that Count III is defective because plaintiff failed to plead a violation of a public right or that the alleged nuisance is causing "significant harm."

In the case of *Muehlieb v. City of Philadelphia,* 133 Pa. Commw. 133, 574 A.2d 1208 (1990), the Commonwealth Court, citing section 821B of the Restatement (Second) of Torts, defines and discusses a public nuisance:

"(1) A public nuisance is an unreasonable interference with a right common to the general public.

"(2) *Circumstances that may sustain a holding that an interference with a public right is unreasonable* include the following:

"(a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience;

"(b) *whether the conduct is proscribed by* a statute, *ordinance* or administrative regulation, or

"(c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right." *Id.* at 140, 574 A.2d at 1211. (emphasis in original)

Several instances of odors emanating from the landfill is the basis for plaintiff's claim that a public nuisance exists. Plaintiff ostensibly relies on 17 NOVs issued by the DEP and several private complaints to form this factual predicate.

These alleged violations and complaints may well be accurate, and this court is certainly aware that an offensive odor from a landfill could create a significant interference with public health and could produce a long-lasting deleterious effect. Nevertheless, plaintiff is required to allege "the material facts on which a cause of action is based." Pa.R.C.P. 1019(a). Plaintiff has not done this. The complaint cannot stand solely on the NOVs and complaints, for they have no evidentiary value and establish nothing other than that DEP and some private citizens believe there were violations occurring. There is nothing to establish the extent of how the odors interfere with the public health or whether the odors are of a continuing nature or produce a permanent or long-lasting effect. Even the allegations contained in Counts I and IV, now dismissed, alleging that the odors constitute a violation of the SWMA and Act 101, do not meet the threshold for establishing how these odors violate those Acts.

In *Karpiak v. J.S. Russo,* 450 Pa. Super. 471, 676 A.2d 270 (1996), the Superior Court discussed significant harm, citing section 821F, comment C, to the Restatement (Second) of Torts:

"When [the invasion] involves only personal discomfort or annoyance, it is sometimes difficult to determine whether the invasion is significant. The standard for the determination of significant character is the standard of normal persons or property in the particular locality. If normal persons living in the community would regard

the invasion in question as definitely offensive, seriously annoying or intolerable, then the invasion is significant." *Id.* at 476-77, 676 A.2d at 273.

Clearly, plaintiff must do more than allege the existence of odors. Plaintiff must also allege that these odors cause significant harm, by being offensive, annoying or intolerable, setting forth material facts sufficient to establish the claim. Plaintiff has failed to allege significant harm. Accordingly, this court sustains defendants' preliminary objection to Count III, but will permit plaintiff to amend the complaint.

There are a few other objections which deal with collateral issues. First, defendants claim that paragraphs eight through 17 of the complaint should be stricken as irrelevant and scandalous. The essence of these paragraphs is that New Morgan Borough, where the Conestoga Landfill is located, is a sham municipality, created to provide a favorable location for the Conestoga Landfill in a manner designed to circumvent zoning regulations and other governmental restrictions. The complaint suggests that New Morgan Borough exists for the primary purposes of serving the landfill and creating profit for its developer, Ray Carr.

As defendants properly state in their brief, the issue of the propriety of the incorporation of the Borough of New Morgan was fully litigated, resulting in the Pennsylvania Supreme Court decision of *Incorporation of Borough of New Morgan, Appeal of Caernarvon Township,* 527 Pa. 226, 590 A.2d 274 (1991). The Supreme Court affirmed the decision of the Commonwealth Court, which affirmed the decision of the common pleas court, permitting the incorporation. Plaintiff is bound by this decision, precluding it from litigating further the question of

whether New Morgan is a legitimate or a sham municipality. Paragraphs eight through 17 of the complaint have no relevance or pertinence to the claims raised by plaintiff. Accordingly, the court sustains defendants' preliminary objection and orders that paragraphs eight through 17 be stricken, with prejudice.

Defendants also object to plaintiff attaching the NOVs and certain complaint logs to the complaint. This court agrees. For reasons already set forth, the NOVs and complaint logs have no evidentiary value. Plaintiff is certainly free to allege the existence of odors in its amended complaint, and assuming it can properly also allege that these odors are significant and affect the general public, the amended complaint would pass muster without these additional, unnecessary attachments.

Wherefore, we enter the following order:

## ORDER

And now, April 30, 2004, upon consideration of the preliminary objections of defendants to plaintiff's complaint, review of the file, briefs of the parties, and after argument held, the defendants' preliminary objections are hereby sustained, and the court rules as follows:

(1) Paragraphs eight through 17 of the complaint are stricken;

(2) The NOVs and complaint logs attached to the complaint shall be removed;

(3) Counts I, II and IV of the complaint are dismissed; and

(4) Plaintiff shall have 30 days from the date of this order to amend Count III of its complaint to conform to the Pennsylvania Rules of Civil Procedure and the opinion attached to this order.